CENTRAL TRUST CO., Plaintiff,

v.

B & L LEASING, et al., Defendants.

Civ. No. C–1–87–268.

United States District Court,
S.D. Ohio, W.D.

Aug. 21, 1987.

Gerald Baldwin, Cincinnati, Ohio, for plaintiff.

Gerald Neuhring, pro se.

Rebecca K. Kaye, Richard Bernat, William Whelan, Jr., Cincinnati, Ohio, for defendants.

## ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on motions to dismiss for lack of subject jurisdiction by defendants Market Meats, Inc. (Market Meats), Market Leasing, B & L Leasing, Brokers Livestock, and Thomas H. Bathe (Bathe), William Lewis (Lewis), Ray West (West), and William McCluskey, II (McCluskey) (doc. nos. 3, 14, 12, 18, 10, 13 and 23).

Defendants West, McCluskey, Groves and Bathe also move to dismiss, asserting that plaintiff failed to properly join Market Meats (doc. nos. 16, 23 and 27). Further, Bathe moves to dismiss, asserting that plaintiff failed to name several necessary parties (doc. no. 16).

Plaintiff brought this action under the Packers and Stockyards Act of 1921, 7 U.S.C. § 196 and asserts pendent Ohio claims.

### I. FACTS

The plaintiff in this action is the Central Trust Company, N.A. (Central Trust), a national banking association. The defendants are: Market Meats, which slaughters livestock and sells meats to distributors; Market Leasing, a partnership created to lease equipment to Market Meats; B & L Leasing, a partnership created to lease trucks to Market Meats; and Bathe,

Neuhring, Groves, West and McCluskey, individuals who have varying interests in the above named businesses.

Defendants Market Leasing, B & L Leasing and Brokers Livestock have accounts with plaintiff Central Trust. Defendant Market Meats has an account with the Kentucky National Bank of Kenton County, Kentucky (KNB). In March 1987, plaintiff honored several checks written by Market Meats on its KNB account to Market Leasing, B & L Leasing and Brokers Livestock. At the same time, KNB suspected that Market Meats was involved in a check kiting scheme and froze Market Meats' account. As a result, the checks written by Market Meats to Market Leasing and B & L Leasing were returned for insufficient funds causing deficits in excess of $500,000 in the accounts held by Market Leasing and B & L Leasing at Central Trust.

On March 16, 1987, plaintiff filed suit against Market Meats and KNB in the Kenton Circuit Court, Kenton County, Kentucky, seeking to enjoin Market Meats from transferring funds from its KNB accounts, and to enjoin KNB from honoring checks written by Market Meats on its account at KNB. The Court issued a temporary restraining order.

On March 19, 1987, Market Meats agreed to set up an escrow account at plaintiff Central Trust into which payments on Market Meats' accounts receivable would be held in trust until sufficient funds were available for payment of plaintiff's claims against Market Meats.

In March or April 1987, the United States Department of Agriculture (USDA) informed plaintiff that livestock sellers, including Brokers Livestock, claimed priority to the escrow account pursuant to the Packers and Stockyards Act of 1921, which requires packers to establish trust funds to pay cash sellers of livestock. 7 U.S.C. § 196.

On April 9, 1987, plaintiff filed this suit against Market Meats, Market Leasing, B & L Leasing, Brokers Livestock and their partners or principals. Plaintiff asserts that the claim made by Brokers Livestock pursuant to 7 U.S.C. § 196 is not valid.

Plaintiff argues that Brokers Livestock is not a qualified claimant under the Act, that is, a bona fide cash seller, since the ownership and control of Market Meats, Market Leasing and Brokers Livestock overlap. In addition, plaintiff alleges that Brokers Livestock never sold livestock to Market Meats. Plaintiff claims an interest in all funds held in the names of those defendants by virtue of the right of set off to satisfy overdrafts caused by drawing, endorsing, or negotiating checks by such drafts on insufficient funds. Plaintiff states that the alleged check kiting scheme among Market Meats, Market Leasing and B & L Leasing was a concerted attempt to circumvent and evade the trust provisions of 7 U.S.C. § 196 which permitted Market Meats to maintain the appearance of complying with the statute while using the funds of plaintiff to pay cash sellers of livestock, thereby damaging plaintiff.

Plaintiff requests the Court to declare that plaintiff's claims to funds of Market Meats and Market Leasing are superior and prior to the claims of Brokers Livestock. Plaintiff also demands judgment against Market Meats, Market Leasing, B & L Leasing, Bathe, Lewis, Neuhring, Groves, West and McCluskey in the amount of all overdrafts on the accounts of Market Leasing and B & L Leasing with plaintiff.

On April 22, 1987, defendant Market Meats filed for business reorganization under chapter 11 of the United States Bankruptcy Act, 11 U.S.C. § 301. Therefore, all claims against Market Meats are hereby stayed pending disposition by the Bankruptcy Court. 11 U.S.C. § 362.

## II. SUBJECT MATTER JURISDICTION

Defendants contend that the Court lacks subject matter jurisdiction over this matter because there is no federal question and move to dismiss pursuant to Fed.R. Civ.P. 12(b)(1). Plaintiff Central Trust claims that the Court has subject matter jurisdiction as this action arises under the Packers and Stockyards Act of 1921, 7 U.S.C. § 196. Section 196 requires packers to create a statutory trust for cash sellers

of livestock. Section 196 reads in pertinent part:

> (b) All livestock purchased by a packer in cash sales ... or proceeds from ... livestock products derived therefrom, shall be held by such packer in trust for the benefit of all unpaid cash sellers of such livestock until full payment has been received by such unpaid sellers ...

7 U.S.C. § 196.

Plaintiff asserts that the Packers and Stockyards Act creates private rights of action for unpaid cash sellers of livestock against the packer who made the purchase. Although plaintiff looks to section 196 to create a private right action, the Court notes that section 209 explicitly creates such a right for persons injured as a result of a violation of the act.[1]

"If any person subject to this chapter violates any of the provisions of this chapter ... he shall be liable to the person or persons injured ... in consequence of such violation." 7 U.S.C. § 209. "Person" includes individuals, partnerships and associations. 7 U.S.C. § 182. "Persons subject to this chapter" include packers, stockyard owners, market agencies and dealers subject to 7 U.S.C. § 181–228. Therefore, under this section, packers, stockyard owners, market agencies and dealers would be liable to any party injured by any violation of the act relating to the purchase, sale, or handling of livestock. 122 CONG. REC. 18,824 (1976). The rights established by this section are to be enforced by suit in a United States District Court of competent jurisdiction. 7 U.S.C. § 209(b).

In the instant case, plaintiff claims that Market Meats is a packer who is subject to 7 U.S.C. § 196. Plaintiff asserts that Market Meats violated 7 U.S.C. § 196 by taking part in a check kiting scheme in an attempt to circumvent and evade the trust provisions of the statute, permitting Market Meats to maintain the appearance of complying with the statute while using the funds to pay cash sellers of livestock. Plaintiff claims that Market Meats' actions damaged plaintiff. Since plaintiff alleges that Market Meats is a packer subject to 7 U.S.C. § 196, and that Market Meats violated the statute and injured plaintiff in consequence of such violation, plaintiff has a private cause of action pursuant to 7 U.S.C. § 209. *See Hedrick v. S. Bonaccurso & Sons, Inc.*, 466 F.Supp. 1025, 1030 (E.D.Pa. 1978); *Pennsylvania Agri. Coop. v. Ezra Martin Co.*, 495 F.Supp. 565, 570 (M.D.Pa. 1980). Therefore, the Court has subject matter jurisdiction because federal law creates the cause of action. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983).

Defendant Market Meats contends that since plaintiff filed an identical suit in state court against Market Meats, the Court should decline to exercise jurisdiction and defer to the state proceeding initiated by plaintiff prior to the filing of this federal action. The state and federal suits are not identical. Plaintiff initiated the state proceeding to preserve any assets Market Meats may have in KNB after plaintiff had been informed of the alleged check kiting scheme. Plaintiff's action in federal court differs from the state proceeding because plaintiff raises a federal question under 7 U.S.C. § 209 as to whether Market Meats is subject to 7 U.S.C. § 196, violated the statute and injured the plaintiff in consequence of such violation.

Defendant Market Meats, Bathe and B & L Leasing claim that the Court has no subject matter jurisdiction since Market Meats has filed for bankruptcy under 11

---

**1.** Section 209 reads in its entirety:

§ 209. Liability to individuals for violation; enforcement generally

(a) If any person subject to this chapter violates any of the provisions of this chapter, or of any order of the Secretary under this chapter, relating to the purchase, sale, or handling of livestock, he shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of such violation.

(b) Such liability may be enforced either (1) by complaint to the Secretary as provided in section 210 of this title, (or) (2) by suit in any district court of the United States of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies. Aug. 15, 1921, c 64 § 308, 42 Stat. 165; Sept. 13, 1976, Pub.L. 410, § 6, 90 Stat. 1250.

U.S.C. § 362. Market Meats' petition for bankruptcy operates as a stay of plaintiff's action against Market Meats, not a dismissal. *See* 11 U.S.C. § 362. Further, the bankruptcy court may grant relief from such a stay. 11 U.S.C. § 362 (12)(a). Market Meats' bankruptcy does not prevent the Court from exercising subject matter jurisdiction.

In addition, the bankruptcy of Market Meats provides no reason for dismissal on other grounds. Defendants West, McCluskey, Groves and Bathe move to dismiss, asserting that plaintiff failed to properly join Market Meats under Fed.R.Civ.P. 19(a) since it is in bankruptcy. The Court denies these motions because plaintiff joined Market Meats as a party to this action before Market Meats filed for bankruptcy. Market Meats' petition for bankruptcy operates as a stay of plaintiff's action against Market Meats, but the stay does not render Market Meats an indispensable party that cannot continue to be a party.

 Defendant Bathe moves to dismiss, asserting that plaintiff failed to name several necessary parties pursuant to Fed.R. Civ.P. 19(a). Defendant contends that plaintiff failed to name Bernie Brown Livestock Co. (Brown) and Williams Cattle Co. (Williams), livestock sellers who filed claims to Market Meats' funds pursuant to 7 U.S.C. § 196. In the complaint, plaintiff claims that plaintiff is entitled to be subrogated to the position of cash sellers of livestock to Market Meats and to receive priority superior to that of Brokers Livestock. In plaintiff's memo in response to the motion, plaintiff states that it has no substantial evidence that Brown and Williams are not legitimately protected livestock sellers. In addition, plaintiff notes that if it finds through discovery that Brown and Williams do not have legitimate claims, plaintiff will name them as parties. If it becomes necessary, the Court will give plaintiff leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a).

## CONCLUSION

The Court finds that plaintiff has a private right of action pursuant to 7 U.S.C.

§ 209. In addition, the Court finds that plaintiff properly joined defendant Market Meats under Fed.R.Civ.P. 19(b).

Moreover, the Court finds that plaintiff has not failed to name several necessary parties under Fed.R.Civ.P. 19(a). If circumstances require, the Court will grant plaintiff leave to amend the complaint pursuant to Fed.R.Civ.P. 15(a).

Accordingly, the Court hereby denies the motions to dismiss filed by defendants Market Meats, Market Leasing, B & L Leasing, Brokers Livestock, Bathe, Lewis, West, McCluskey and Groves. (Doc. nos. 3, 10, 12, 13, 14, 16, 18, 23 and 27).

Finally, all claims against Market Meats are hereby stayed pending disposition by the Bankruptcy Court.

IT IS SO ORDERED.